**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **DENICE TWIGG,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  08-2632-JWL |
| ) | |
| **HAWKER BEECHCRAFT** ) | |
| **CORPORATION,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

In her complaint, Ms. Twigg alleges violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1101 et seq., and 42 U.S.C. § 1981 against Hawker Beechcraft Corporation ("HBC"). Ms. Twigg designated Kansas City, Kansas as the place of trial. This matter comes before the court on HBC's Motion for Determination of Place of Trial (doc. 9). HBC alleges that there is no connection between Kansas City and this case. Instead, it contends that the factors used to decide a motion for transfer overwhelmingly tilt in favor of transferring this case to Wichita, Kansas. The court agrees with the defendant. For the reasons explained below, the motion is granted and this action is hereby transferred to be reassigned by the clerk's office to one of the judges whose duty station is in Wichita.

**I.      Background**

According to her complaint, Ms. Twigg resides in Derby, Kansas, which is located near Wichita. HBC is a Kansas corporation, with its principal place of business located in Wichita. HBC employed Ms. Twigg at its aircraft manufacturing facility in Wichita from 1996 to 2008 and this employment relationship gave rise to the causes of action in this case. The employment records pertaining to Ms. Twigg are located at HBC's Wichita facility. The people identified by name in the complaint are or were employed by HBC at its Wichita facility and all live within thirty-five miles of Wichita. HBC's attorneys are located in Wichita and Ms. Twigg's attorney is located in Topeka, Kansas.

**II.     Standard for a Motion to Transfer**

D. Kan. Rule 40.2 provides that "[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." In considering a motion for intra-district transfer, the courts of this district generally look to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a). *See Frame v. Salina Reg'l Health Ctr.*, Case No. 07-2442-JWL, 2008 WL 400185, at *1 (D. Kan. Aug. 26, 2008) (citing *Benson v. Hawker Beechcraft Corp.*, Case No. 07-2171-JWL, 2007 WL 1834010, at *1 (D. Kan. June 26, 2007)).[1]

Section 1404(a) provides in pertinent part: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This statute grants a district court broad discretion in deciding a motion to transfer based upon a case-by-case review of convenience and fairness. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)

---

[1] Although § 1404(a) is inapplicable to intra-district transfers on its face because Kansas constitutes only one judicial district and division, the statute provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending." 28 U.S.C. § 1404(c).

(quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  The court considers the following factors in determining whether to transfer the case: (1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious, and economical.  *Chrysler Credit Corp.*, 928 F.2d at 1516.

The party seeking to transfer the case has the burden of proving that the existing forum is inconvenient.  *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).  Generally, unless the balance weighs strongly in favor of transfer, the plaintiff's choice of forum is not disturbed.  *Id.*  However, because that rule turns on the assumption that the plaintiff resides in the chosen forum, it is largely inapplicable if, as here, the plaintiff does not reside there.  *Spires v. Hosp. Corp. of Am.*, No. 06-2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006) (citing *Vanmeveren v. Int'l Bus. Mach. Corp.*, No. 05-1322-JTM-DWB, 2005 WL 3543179, at *2 (D. Kan. Dec. 27, 2005)).

**III.   Analysis**

Applying these factors to the facts in this case, the court finds that the motion to transfer is warranted because, "[c]learly, the more convenient venue to try this case is Wichita."  *Aramburu v. Boeing Co.*, 896 F.Supp. 1063, 1065 (D. Kan. 1995).  The two main factors in this case are the plaintiff's choice of forum and the convenience of the witnesses.  The court now will examine each factor in turn.

*1.     Choice of Forum*

Ms. Twigg asserts that she chose Kansas City as the place of trial and the plaintiff's forum choice should be given considerable deference.  Ms. Twigg argues that although she currently

resides in Derby, she is exploring the possibility of moving to the Kansas City area. However, the mere possibility of moving to Kansas City does not suffice. When the plaintiff does not reside in the chosen forum, the rationale for allowing the plaintiff to dictate the forum evaporates. *E.g., Spires*, 2006 WL 1642701, at *2; *see also* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3848 (3d ed. 2007) (observing that many courts give substantially less, if any, deference to the plaintiff's choice of forum when the plaintiff resides elsewhere). Consequently, although the court considers the plaintiff's choice of forum as a factor, "it is not a significantly more weighty factor than any of the other factors considered here, particularly when the forum's connection to the case is obscure and the forum's connection to the plaintiff is even more so." *Spires*, 2006 WL 1642701, at *2 (quoting *Dworkin v. Hustler Magazine, Inc.*, 647 F.Supp. 1278, 1280–81 (D. Wyo. 1986)).

*2. Convenience*

The plaintiff's choice of forum is further discounted because of the enormous disparity in convenience between Kansas City and Wichita. As the courts in this district have emphasized, the relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer. *See e.g., Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F.Supp. 667, 669 (D. Kan. 1993) ("The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)."). With the primacy of this factor in mind, the court underscores that all of the witnesses and parties—at least at this stage of the case—reside in or around Wichita. By contrast, none reside in Kansas City. Additionally, neither party's attorneys are located in Kansas City. Thus, with absolutely no connection to Kansas City, there is little difficulty in finding that Wichita is a more convenient forum for this case.

In examining the factor of convenience in relation to the plaintiff, the nexus to Wichita is clear. Ms. Twigg resides in Derby, which is only twelve miles south of Wichita. Furthermore, the acts complained of by Ms. Twigg occurred in Wichita. Given these ties between Ms. Twigg and Wichita, the court is unreceptive to her assertion that convenience "weighs in favor of a trial in Kansas City."

Ultimately, though, the court has to find that Kansas City is substantially inconvenient, not just that Wichita is marginally more convenient. *Spires*, 2006 WL 1642701, at *3. That threshold is met by examining the convenience of Kansas City as a forum for Ms. Twigg and her witnesses and HBC and its witnesses. The acts complained of by Ms. Twigg occurred in Wichita. As it stands, the majority of this case will involve Ms. Twigg's employment at HBC's Wichita facility. As a result, if the trial were held in Kansas City, it would force each HBC employee to travel to Kansas City to testify. By forcing them to spend time traveling to Kansas City, these witnesses would be required to miss work. Thus, Kansas City would be a significantly inconvenient forum for these witnesses. This forum designation would also substantially burden HBC's attorneys, who are located in Wichita.

Furthermore, designating Kansas City as the forum would burden Ms. Twigg herself, because her residence in Derby is approximately 200 miles from Kansas City. Ms. Twigg argues that the convenience of counsel weighs in favor of a trial in Kansas City. However, Ms. Twigg's counsel practices in Topeka. As a result, the selection of Kansas City is discounted as a convenience factor because Topeka itself was a possible location in which she could have filed. This appears to be more a matter of forum shopping than an attempt to hold down the costs of litigation. Additionally, Ms. Twigg's argument that "the court and its staff are located in Kansas City" is unpersuasive. Judges of this court and its staff are also located in Wichita.

In fact, Ms. Twigg has not identified by name a single witness, party, or exhibit that either resides or is located in Kansas City. Given the absolute disconnect between Kansas City and the actual participants in this case, the court will not consider the assertions regarding Ms. Twigg's uncertain future developments. At this stage, there is no connection between Kansas City and this case, which makes Kansas City an extremely inconvenient forum.

**IV.    Conclusion**

Exercising its discretion, the court is easily persuaded that Wichita is by far the more convenient forum based on its relative convenience for the witnesses, parties, and attorneys involved. As a result, in the interests of justice, the motion to transfer to Wichita is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that HBC's motion to designate Wichita as the place of docketing, maintenance, and trial (doc. 9) is granted. The court orders that this case be transferred to be reassigned by the clerk's office to one of the resident Judges in Wichita.

**IT IS SO ORDERED** this 20th day of April, 2009.

s/ John W. Lungstrum
John W. Lungstrum
United States District Court