IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DENICE TWIGG,

    Plaintiff,

       v.                                                  Case No. 08-2632-JTM

HAWKER BEECHCRAFT CORPORATION,

    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Hawker Beechcraft Corporation's ("HBC") Motion to Compel answers to interrogatories and production of documents. (Dkt. No. 51). HBC filed a certificate of compliance of its efforts to confer with plaintiff's counsel prior to filing this motion. (Dkt. No. 51-4).

Plaintiff Denice Twigg alleged the following claims against HBC: 1) interference and retaliation claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; 2) retaliation under the Employment Retirement Income Security Act. ("ERISA"), 29 U.S.C. §1101 *et seq.*; and 3) retaliation under 42 U.S.C. § 1981. Twigg made the following claims: 1) HBC interfered with the exercise of her rights under the FMLA by terminating her employment; 2) HBC retaliated against her for exercising her rights under the FMLA by refusing to reinstate her employment with HBC; 3) HBC retaliated against her for complaining about racial discrimination toward another employee; and 4) HBC interfered with the exercise of her rights under ERISA by terminating her employment.

On April 10, 2009, HBC served Twigg with its First Combined Interrogatories, Requests for Admissions, and Requests for Production of Documents. (Dkt. No. 21). On May 8, 2009, Twigg served her initial responses to HBC's discovery requests. (Dkt. No. 23). On July 28, 2009, Twigg served her supplemental responses to HBC's discovery request. (Dkt. No. 42). On August 26, 2009, HBC served Twigg with its Second Discovery Request. (Dkt. No. 44). HBC filed its Third Combined Interrogatories, Requests for Admissions and Request for Production of Documents on September 18, 2009. (Dkt. No. 45). On September 24, 2009, Twigg filed her response to HBC's second interrogatories and request for production of documents. (Dkt. No. 47). HBC filed the instant motion to compel after attempting to confer with Twigg to resolve the issues without court action. (Dkt. No. 51). Twigg filed a memorandum in opposition to HBC's motion to compel. (Dkt. No. 56).

HBC's Motion to Compel requests Twigg be ordered to provide complete answers to HBC's Second Combined Interrogatories No. 28 and produce documents responsive to HBC's Second Request for Production Nos. 28, 29, and 30.

In ruling on this motion, the Court has "broad discretion regarding its control of discovery," which is abused only "when a denial of discovery precludes a fair trial." *Gaines v. Ski Apache,* 8 F.3d 726, 730 (10th Cir.1993). Fed.R.Civ.P. 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense . . . ." The Rule also permits the court to order discovery into any matter relevant to the "subject matter involved in the action" for "good cause." Fed.R .Civ.P. 26(b)(1). Therefore, the Federal Rules broadly define the scope of discovery.

The particular discovery requests at issue must be relevant on their face. *Williams v. Bd. of County Comm'rs,* 192 F.R.D. 698, 705 (D.Kan.2000). "Relevancy is broadly construed at the

discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecom.Corp.,* 137 F.R.D. 25, 27 (D.Kan.1991).

The defendant seeks relief under Rule 37(a) of the Federal Rules of Civil Procedure, which authorizes a party to apply for an order to compel disclosure or discovery. "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed.R.Civ.P. 37(a)(3)(A).

HBC's Second Combined Interrogatories No. 28 requests Twigg provide the name, address and telephone number for the person or company that she paid for contract labor for her desktop publishing company, and provide a copy of the contract, all statements for services or invoices from that person or company, and describe the type of labor performed and date(s) it was performed. (Dkt. No. 51-3). HBC requests this court compel Twigg to provide the information and production requested, and maintains it is relevant "to determine if plaintiff's home business is in compliance with company policy." (Dkt. No. 51 at 7). Twigg's response is that the Pretrial Order only mentions the defendant's company policy prohibiting inappropriate computer usage. (Dkt. No. 56; Dkt. No. 49 at 18, 22-23). HBC maintains it is entitled to receive this information to determine if plaintiff's home business is in compliance with the company policy not to compete with HBC or engage in activity that would conflict with HBC's interests. (Dkt. No. 51 at 7).

Whether the plaintiff's home business was in compliance with some company policy regarding competing with the defendant is irrelevant to the issues set forth in the Pretrial Order. The parties stipulated that Twigg was terminated on April 7, 2008. (Dkt. No. 49 at 3). The court is not satisfied that a 2006 home business expense is relevant to whether or not the plaintiff's home

business was in violation of some company policy regarding competing with the defendant, or how it is relevant to any issue in this lawsuit.

Next HBC requests the court to compel the information regarding Twigg's 2006 business expense because it "is relevant to the issue of mitigation of damages." (Dkt. No. 51 at 7). HBC failed to establish how a 2006 business expense is relevant to the issue of whether Twigg failed to mitigate her damages after she was terminated from employment in April 2008. A plaintiff does have a duty to mitigate damages but is tied to the use of reasonable diligence in finding other suitable employment. *See Ford Motor Co. v. EEOC*, 458 U.S. 219, 231 (1982). The court finds that HBC's reliance on the duty to mitigate is misplaced as support for gaining access to information concerning a 2006 business expense.

HBC requests the court to compel the information in its request for production No. 29, which seeks information concerning distributions received by Twigg from her father's estate. (Dkt. No. 51 at 4). HBC maintains that the information is relevant "because such documents could shed light on plaintiff's motivation to mitigate her damages." (Dkt. No. 51 at 9). The court is unclear on how the distributions from Twigg's father's estate are relevant to this lawsuit. The court finds that HBC's reliance on the duty to mitigate is misplaced as support for gaining access to information concerning distributions from Twigg's father's estate.

HBC requests the court to compel the information in its request for production No. 30, which seeks information regarding the purchase or sale of any property owned by the plaintiff since her termination. (Dkt. No. 51 at 4). HBC contends the information is relevant "because they speak to the issue of whether or not plaintiff has fulfilled her obligations to mitigate her damages." (Dkt. No. 51 at 9). Information regarding any profit Twigg received is not relevant to this lawsuit. The court

finds that HBC's reliance on the duty to mitigate is misplaced as support for gaining access to information concerning distributions from Twigg's father's estate.

IT IS ACCORDINGLY ORDERED this 11th day of January, 2010, that the defendant's Motion to Compel responses and production of documents (Dkt. No.51) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE